# EXHIBIT B
(PLEADINGS ASSERTING CAUSES OF ACTION)

CAUSE NO. _____

| | | |
|---|---|---|
| **CLARK FIRE EQUIPMENT, INC.** § | | **IN THE DISTRICT COURT** |
| Plaintiff, § | | |
| § | | |
| **V.** § | | **\_\_\_JUDICIAL DISTRICT** |
| § | | |
| **JOHN DOE a/k/a JOE CHEONG AND** § | | |
| **ARKEMA, INC.** § | | |
| Defendants. § | | **OF HARRIS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** CLARK FIRE EQUIPMENT, INC., hereinafter referred to as "Plaintiff," complaining of and about JOHN DOE a/k/a JOE CHEONG and ARKEMA, INC., hereinafter referred to as "Defendants," and for causes of action would respectfully show unto this Court the following:

### I.
### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery, pursuant to Texas Rule of Civil Procedure 190.03, under Discovery Level 2. Plaintiff affirmatively pleads that it seeks monetary relief in excess of $100,000.00.

### II.
### PARTIES AND SERVICE

2. Plaintiff CLARK FIRE EQUIPMENT, INC. is a Texas corporation whose principal place of business is in Houston, Texas.

3. Defendant, JOHN DOE, who has used/given the alias of JOE CHEONG, is an individual whose county of residence and address for service of process is unknown to Plaintiff at this time.

1

4. Defendant ARKEMA, INC. is a Pennsylvania corporation doing business in Houston, Texas and may be served with process via its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, at its registered office located at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## III.
## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

8. Venue is proper in this Court, pursuant to Texas Civil Practice & Remedies Code §15.002 because Harris County is the county in which all or a substantial part of the events or omissions giving rise to this cause of action occurred.

## IV.
## FACTUAL BACKGROUND

9. Plaintiff (hereinafter referred to as "Clark Fire") is a business primarily dealing with acquiring and distributing a wide variety of products and services per each client's individual request.

10. Clark Fire has done business with Defendant, Arkema, Inc. (hereinafter referred to as "Arkema") over the last twenty (20) years. On or about September 2013, Clark Fire was contacted by Defendant, John Doe, (hereinafter referred to as "Doe") using the alias of Joe Cheong, who identified himself as the Vice President of Arkema. Doe stated that he was currently working and residing in California. Doe, in his purported capacity as Vice President, requested Clark Fire procure various computer parts and accessories on behalf of Arkema totaling approximately forty thousand dollars & 0/100 cents ($40,000.00). Said parts were designated by Doe for shipment to Arkema at the following address: 638 East St. Charles Rd.

#1244 Lombard, IL 60148. As it is customary for clients to request that the products procured by Clark Fire be shipped to a third party location, and the business relationship with Arkema spanning approximately twenty (20) years, Clark Fire did not question the legitimacy of the order or the address provided.

11. Prior to executing the Purchase Order with Doe, Plaintiff requested Doe provide Arkema's bank account information, credit information, vendor account numbers, trade references and the like. Upon receipt, Clark Fire confirmed all said information to be accurate and belonging to Arkema. Thereafter, Clark Fire provided same to Charter Capital (hereinafter referred to as "Capital"), a company with whom Clark Fire has had a long standing business relationship, to cross-check the information provided by Doe. Capital's research also confirmed all information provided by Doe to be accurate and belonging to Arkema. Based on said confirmation, Capital "factored" or purchased the Note and provided Clark Fire with 80% of the funds needed to purchase the computer parts ordered by Doe.

12. On or about October 23, 2013, Plaintiff and Doe, on behalf of Arkema, executed a Purchase Order for computer parts in the amount of forty thousand dollars & 0/100 cents ($40,000.00). Pursuant to the Purchase Order, Clark Fire purchased said computer parts and arranged for them to be shipped to the address provided by Doe. While the computer parts were en route to the Illinois address, Charter sent the invoice to Arkema's headquarters in Pennsylvania. Although said parts were successfully delivered to the destination address provided by Doe, Clark Fire did not receive any payment or communications from Arkema headquarters.

13. Approximately sixty (60) days from the date said invoice was sent to Arkema headquarters, Plaintiff contacted Cheryl McCarthy, Accounts Payable Supervisor for Arkema, to

inquire about the non-payment. Upon finally reviewing the invoice sent to Arkema three months prior, Ms. McCarthy informed Clark Fire that the invoice was *fraudulent* as it had not been approved or authorized by any agent or representative of Arkema. Furthermore, Ms. McCarthy informed Plaintiff that the purchase order number was *clearly* fraudulent as it did not comport with Arkema's standard formatting for such orders. Ms. McCarthy also informed Plaintiff that Joe Cheong was not, nor had he ever been an authorized agent or representative of Arkema. In addition, Plaintiff was told at that time that Robert Walker, the person listed on the invoice as the Arkema representative to receive the shipment, was also not an authorized agent, representative, or employee of Arkema. Ms. McCarthy went on to disclose to Plaintiff that Arkema had in fact already received *several fraudulent invoices* over the last several months, all of which were tied to the alias provided by Doe of Joe Cheong. Despite Defendant's admitted knowledge of receiving similarly fraudulent purchase orders authorized by Doe under the alias of Joe Cheong within close proximity to Plaintiffs', and actual receipt of Plaintiff's invoice which contained a patently fraudulent purchase order number, Defendant failed to warn or inform Plaintiff of the fraud in any way. More than 60 days passed from the date that Defendant received Plaintiff's good faith invoice, before anyone at Clark Fire was made aware of the fraudulent scheme. Had Arkema timely notified Plaintiff in any reasonable manner of their knowledge of the fraud involving Doe once the invoice was received, Plaintiff could have halted the shipment to the Illinois address. Defendant has done business with Plaintiff over the past 20 years, so finding a way to communicate or convey such a message would have not been difficult or burdensome. As a direct result of Arkema's negligence, Plaintiff's ability to recover the computer parts or recoup its losses from Doe and his accomplices has been severely diminished and compromised.

14. On or about December 11, 2013, Clark Fire filed a police report with Galena Park Police Department (Case No. 2013-120213). Clark Fire also conducted research on the destination address provided by Doe and confirmed the address to be a public storage facility. Unfortunately, Clark Fire's efforts to investigate the source of the fraud did not lead to any information regarding Doe or Joe Cheong, and the whereabouts of the computer parts after delivery are unknown.

15. Plaintiff has been damaged by Defendants' actions in an amount set forth below.

## VI.
## COUNT 1: FRAUD AGAINST DEFENDANT JOHN DOE a/k/a JOE CHEONG

16. The facts set forth in the paragraphs numbered 1 through 15 are incorporated herein by reference as if fully set forth.

17. Defendant knowingly made false representations as to material facts to Plaintiff with the intent of inducing Plaintiff to procure and deliver computer parts to a third party location.

18. The elements of a cause of action for common-law fraud are the following:

 a. Defendant made a representation to Plaintiff;

 b. The representation was material;

 c. The representation was false;

 d. When Defendant made the representation, Defendant

  (1) knew the representation was false, or

  (2) made the representation recklessly, as a positive assertion, and without knowledge of its truth;

 e. Defendant made representations with the intent that Plaintiff act on it;

 f. Plaintiff relied on the representation; and

g, The representation caused Plaintiff injury.

19. Defendant knowingly made representations to Plaintiff by way of falsely representing himself as the Vice President of Arkema, Inc. and representing that Arkema would remit payment in the amount of $40,000 with intent to induce Clark Fire to procure the goods and arrange for their delivery.

20. Clark Fire has incurred damages based on its reliance on Defendant's above described representations. Defendant's misrepresentations were knowing or willful, enabling Plaintiff to recover exemplary damages from Defendant.

## VII.
## COUNT 2: THEFT OF PROPERTY UNDER THE TEXAS THEFT LIABILITY ACT AGAINST JOHN DOE a/k/a JOE CHEONG

21. The facts set forth in the paragraph numbered 1 through 15 are incorporated herein by reference as if fully set forth.

22. The elements of a cause of action under the Texas Theft Liability Act Tex. Civ. Prac. & Rem. Code, Ch. 134, are the following:

   a. Plaintiff has a possessory right to property or was the provider of services;

   b. Defendant unlawfully appropriated, secured or stole Plaintiff's property or services;

   c. The unlawful taking was made with the intent to deprive Plaintiff of the property or avoid payment for services; and

   d. Plaintiff sustained damages as a result of theft.

23. The allegations of the facts set forth above constitute a cause of action for Theft Liability Act under Tex. Civ. Prac. & Rem. Code §§ 134.001 – 134.005. Defendant unlawfully

appropriated computer parts given to him by Plaintiff pursuant to the Purchase Order. Therefore, Plaintiff sustained damages as a result of theft.

24. Plaintiff further alleges that the law allows for imposition of additional damages, exemplary damages and interest under the Theft Liability Act. Plaintiff will show that it has incurred significant expenses, including attorneys' fees, in the prosecution of this action. Accordingly, Plaintiff requests that additional damages, exemplary damages and interest by awarded against Defendant in a sum, which is within the jurisdiction limits of this Court.

### VIII.
### COUNT 3: CONVERSION AGAINST JOHN DOE a/k/a JOE CHEONG

25. The facts set forth in the paragraph numbered 1 through 15 are incorporated herein by reference as if fully set forth.

26. Defendant has committed the tort of conversion by exercising dominion and control over Plaintiff's computer parts without compensation to Plaintiff. As a result of Defendant's actions, Plaintiff has suffered monetary damages in excess of the originally agreed upon $40,000.00 Purchase Order price.

### VIV.
### COUNT 4: QUANTUM MERUIT AGAINST JOHN DOE a/k/a JOE CHEONG

27. The facts set forth in the paragraph numbered 1 through 15 are incorporated herein by reference as if fully set forth.

28. In the alternative, Plaintiff provided Defendant with $40,000.00 worth of computer parts. Defendant readily accepted, stole, misappropriated or received the benefit of Plaintiff's computer parts. Defendant had reasonable notice that Plaintiff expected compensation for said computer parts in the amount of $40,000.00.

### X.
### COUNT 5: NEGLIGENCE AGAINST ARKEMA, INC.

29. The facts set forth in the paragraph numbered 1 through 15 are incorporated herein by reference as if fully set forth.

30. Defendant had a duty to inform Plaintiff, a company with whom it has had a long-standing business relationship, of the fraudulent invoices and purchase orders it had previously rejected under the alleged authorization of Doe, using the alias Joe Cheong, after it received Plaintiff's good faith invoice.

31. Defendant breached the duty as described herein, by failing to timely inform Plaintiff of its knowledge of the fraudulent scheme after receiving Plaintiff's invoice, and specifically the two patently fraudulent components contained therein: the incorrectly formatted purchase order number and signature of Doe, using the alias Joe Cheong.

32. As a direct and proximate cause of this Defendant's breach, Plaintiff suffered injuries as described hereinabove.

## IX.
## ATTORNEYS' FEES

32. Plaintiff is entitled to recover reasonable and necessary attorneys' fees under Texas Civil Practice & Remedies Code Chapter 38 because this is a suit on a written contract, as authorized in section 38.001(8).

## XII.
## CONDITIONS PRECEDENT

33. All conditions precedent to Plaintiff's claims for relief have been met.

## XIII.
## RULE 194 REQUESTS FOR DISCLOSURE

34. Pursuant to TRCP Rule 194, *et seq.*, Plaintiff request that Defendants disclose, within 50 days of service of this request, the information and materials described in Rule 194.2.

# XIX.
# PRAYER

35. WHEREFORE PREMISES CONSIDERED, Plaintiff, CLARK FIRE EQUIPMENT, respectfully prays that Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendants for the following:

    a. Actual damages;

    b. Statutory damages;

    c. Treble damages;

    d. Pre- and post-judgment interest as provided by law;

    e. Attorneys' fees;

    f. Court costs; and

    g. Any such other and further relief to which Plaintiff may show itself to be justly entitled

Respectfully submitted,

**NGUYEN AND CHEN, LLP**

_____

Anissah M. Andang
State Bar No. 24072895
Brian T. Nguyen
State Bar No. 24046528
11200 Westheimer, Suite 120
Houston, Texas 77042
Phone: (832) 767-0339
Fax: (832) 767-0669

**ATTORNEYS FOR PLAINTIFF**