UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CLARK FIRE EQUIPMENT, INC,** | § § | |
| *Plaintiff,* | § § | |
| VS. | § | CIVIL ACTION 4:14-CV-2730 |
| | § § | |
| **ARKEMA, INC**, *et al*, | § § | |
| *Defendant.* | § § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Arkema, Inc.'s ("Arkema") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 2. Plaintiff Clark Fire Equipment, Inc. ("Clark Fire") filed a response opposing the motion. Dkt. 7. After having carefully considered the parties' briefing, oral arguments, and the applicable law, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted. Therefore, Defendant's motion to dismiss is **GRANTED**.

## BACKGROUND

Plaintiff Clark Fire is Texas corporation, who has done business with Arkema, a Pennsylvania corporation, for the last twenty years. In September 2013, a person identifying himself as "Joe Cheong" (hereinafter "Doe") contacted Clark Fire seeking approximately $40,000 worth of computer parts and accessories. Doe represented to Clark Fire that he was the Vice President of Arkema, and requested that Clark Fire send the computer equipment to "Robert Walker" in Lombard, Illinois. Doe was able to provide Arkema's actual bank account information, credit information, vendor account

numbers, and trade references, which both Clark Fire and an independent third party verified as accurate. According to Clark Fire, because it was customary for its clients to request that its products be shipped to a third party location, and because it had a long-standing business relationship with Arkema, it did not question the legitimacy of the transaction nor contact anyone at Arkema to verify the identity of "Joe Cheong" and "Robert Walker." Instead, Clark Fire shipped the goods and sent an invoice to Arkema in Pennsylvania.

Approximately sixty days after sending the invoice, Clark Fire contacted Arkema's Accounts Payable department seeking payment. Arkema refused to pay for the goods and, for the first time, informed Clark Fire that: (1) neither "Joe Cheong" nor "Robert Walker" were authorized agents or employees of Arkema, (2) Doe's purchase order ("PO") was "clearly fraudulent" because it did not comport with Arkema's standard PO formatting, and (3) the PO had not been approved or authorized by any agent or representative of Arkema. Arkema also informed Clark Fire that it had received several fraudulent invoices from other vendors over the last several months, and that all of them were tied to the alias of "Joe Cheong."

In December 2013, Clark Fire filed a police report with the Galena Park Police Department. Clark Fire also determined that the destination address for the goods was a public storage facility. However, the true identity of Doe and "Robert Walker," and the whereabouts of the computer parts are still unknown.

*Procedural History*

On August 20, 2014, Clark Fire filed an Original Petition against "John Doe a/k/a Joe Cheong" in the Harris County District Court alleging (1) fraud, (2) theft of property under the Texas Theft Liability Act, (3) conversion, and (4) quantum meruit. Clark Fire also sued Arkema for negligence, claiming that, because of their longstanding business relationship, Arkema had a duty to timely warn Clark Fire of Doe's fraudulent scheme so that the shipment could be halted. Arkema was served with process on September 3, 2014. Dkt. 1-1. "John Doe" has yet to be identified or served.

On September 23, 2014, Arkema timely removed the case to this Court, asserting federal diversity jurisdiction. Dkt. 1; *see also* 28 U.S.C. § 1441. In its Notice of Removal, Arkema asserted that jurisdiction was proper "because the controversy in this civil action is wholly between citizens of different states and because, based on the allegations contained in Plaintiff's Original Petition, the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest." *See* 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."); *see also* Pl.'s Compl. ¶ 1 ("Plaintiff affirmatively pleads that it seeks monetary relief in excess of $100,000.00."). Arkema filed the currently pending motion to dismiss that same day. Dkt. 2.

**MOTION TO DISMISS**

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must "accept[] all well-pleaded facts as true and view[] those facts in

3

the light most favorable to the plaintiffs." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). However, this deference does not apply to a party's assertions of law. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). To survive a Rule 12(b)(6) motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). "Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (internal quotation marks omitted).

## ANALYSIS

To bring a cause of action for negligence under Texas law, Clark Fire must establish that Arkema violated a legal duty owed to it. *See Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009) (Texas negligence suit requires "a legal duty owed by one person to another, a breach of that duty, and damages proximately caused by the breach."). "The existence of a legal duty is a question of law for the court to decide." *Tri v. J.T.T.*, 162 S.W.3d 552, 563 (Tex. 2005). Dismissal is appropriate if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006).

Clark Fire seeks to hold Arkema liable for the actions of John Doe, whom the parties agree is unaffiliated third party. However, "Texas law generally imposes no duty to take action to prevent harm to others absent certain special relationships or circumstances." *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 837 (Tex. 2000). Here,

4

Clark Fire asserts that its "longstanding business relationship and course of dealings" with Arkema created a legal duty that required Arkema, once it received an invoice seeking payment for goods it never ordered, to timely warn Clark Fire that a third party was using Arkema's identity to fraudulently obtain goods. Clark Fire's sole argument is that a twenty-year commercial history is sufficient to create a "special relationship" between the parties. The Court disagrees.

Texas courts have established a number of "special relationships" that can give rise to a duty of reasonable care. *See, e.g., D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002) ("An employer may breach a duty to its independent contractor by failing to exercise its retained control over the contractor with reasonable care."); *Texas Home Mgmt., Inc. v. Peavy*, 89 S.W.3d 30, 32 (Tex. 2002) (mental health facility's "right to control" resident created "special relationship," and facility owed duty of care to person murdered by resident); *City of Tyler v. Likes*, 962 S.W.2d 489, 496 (Tex. 1997) (discussing "a very limited number of contracts dealing with intensely emotional noncommercial subjects such as preparing a corpse for burial or delivering news of a family emergency"); *Barcelo v. Elliott*, 923 S.W.2d 575, 577 (Tex. 1996) (attorney/client); *Krishnan v. Sepulveda*, 916 S.W.2d 478, 482 (Tex. 1995) (physician/patient relationship); *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 n.1 (Tex. 1991) ("[S]ome contracts involve special relationships that may give rise to duties enforceable as torts, such as professional malpractice."); *Farley v. M M Cattle Co.*, 529 S.W.2d 751, 754 (Tex. 1975), *overruled on other grounds by Parker v. Highland Park, Inc.*, 565 S.W.2d 512 (Tex. 1978) (employer/employee); *Freeman v. Harris Cnty.*, 183

5

S.W.3d 885, 890 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) (statutorily-mandated autopsy created "special relationship," and county had a duty to safeguard the body).

Here, Clark Fire does not cite, and the Court is not aware of, any case that recognizes or establishes a "special relationship" under Texas law based solely upon a long-standing commercial relationship. Instead, Clark Fire asserts that,

> Through their long-term business relationship and course of dealings, Clark Fire relied on Arkema to immediately inform Clark Fire that Arkema had received several fraudulent invoices over the last several months, all of which were tied to the alias provided by Doe. Clearly, Arkema had superior knowledge of the risk, the fraud perpetrated by Doe under the guise and apparently authority of Arkema, and therefore Arkema had a duty to warn Clark Fire of that dangerous condition.

Dkt. 7 at 5. Clark Fire cites only one Texas case to establish that Arkema had a duty to warn—*Thapur v. Zezulka*, 994 S.W.2d 635, 639-40 (Tex. 1999). However, in *Thapur*, the Texas Supreme Court held that a mental-health professional *did not* owe a common law duty to directly warn third parties that a patient had made violent threats against them. *Id*.

Likewise, other Texas courts have declined to create a wholesale duty to warn about the criminal acts of third parties, outside of premises liability cases or situations in which the defendant had the ability to control the criminal actor. *See, e.g., San Benito Bank & Trust Co. v. Landair Travels*, 31 S.W.3d 312, 321 (Tex. App.—Corpus Christi 2000, no pet.) (certified public accountant and his lawyer did not owe duty to warn potential victims regarding former employee who had embezzled); *Newsom v. B.B.*, 306 S.W.3d 910, 916 (Tex. App.—Beaumont 2010, pet. denied) ("Generally, a person's duty

to warn of a dangerous situation that the person did not create is a moral duty, not a legal one."); *Carter v. Abbyad*, 299 S.W.3d 892, 901 (Tex. App.—Austin 2009, no pet.). ("Texas common law is fundamentally premised on individuals' responsibility for their own actions," and "[t]he exceptions to that rule—*e.g.* employer-employee, parent-child—all involve situations where the defendant either had a recognized legal obligation to control the other person's conduct or the right to do so.").

Any ethical obligation Arkema may have had to share its knowledge regarding Doe and his schemes does not rise to the level of a legal duty simply because the parties have a history of doing business together. Clark Fire has not alleged the existence of: (1) a controlling contractual agreement, (2) a fiduciary relationship between the parties, (3) some "right of control" over Doe, or (4) any other "special relationship" recognized under Texas law. Accordingly, the Court finds that Arkema did not owe Clark Fire a duty of care. Because Clark Fire's complaint lacks an element that is necessary for relief, dismissal is appropriate. *See Rios*, 444 F.3d at 421.

## CONCLUSION

For these reasons, it is **ORDERED** that Defendant Arkema's Motion to Dismiss (Doc. 2) is hereby **GRANTED**.

SIGNED at HOUSTON, TEXAS on 16th March 2015.

_____
GEORGE C. HANKS, JR.
UNITED STATES MAGISTRATE JUDGE